

June 4, 2010

**BY E-FILING**

Honorable Freda L. Wolfson
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building
    and United States Courthouse
402 East State Street
Room 5050
Trenton, New Jersey 08608

   Re: In re Verizon Wireless Data Charges Litigation,
     Civil Action No. 3:10-civ-01749-FLW-TJB

Dear Judge Wolfson:

  I write to follow up on the April 8, 2010 letter to the Court from my co-counsel Stephen L. Dreyfuss [Docket No. 4 (a copy is attached as Exhibit A)] and in response to Bruce D. Greenberg's letter to the Court dated May 28, 2010 [Docket No. 8], in my capacity as Interim Co-Lead Class Counsel as designated by the Court in its Order dated February 8, 2010 ("Order"). I write on behalf of the Interim Co-Lead, Liaison and Class Counsel (the "Interim Leadership Group") designated by the Court in its Order.

  Since Mr. Dreyfuss' letter of April 8, 2010, and pursuant to the authority conferred by the Order, the Interim Leadership Group has attempted to coordinate the activities of all plaintiffs' counsel so that the initial proceedings in this litigation may proceed in an organized and efficient manner. The Interim Leadership Group has communicated with most if not all of the plaintiffs' counsel in the tag-along actions that are now pending before the Court by virtue of the Conditional Transfer Order ("CTO") entered on April 2, 2010 by the Judicial Panel for Multidistrict Litigation ("JPML").

  Among other things, the Interim Leadership Group has attempted to gather from all plaintiffs' counsel information necessary to determine the scope of an appropriate consolidated

Foley Bezek Behle & Curtis LLP

15 W. Carrillo St.     www.FoleyBezek.com    575 Anton Blvd., Suite 710
Santa Barbara, CA 93101           Costa Mesa, CA 92626
(805) 962-9495  F:(805) 962-0722        (714) 556-1700  F:(714) 546-5005

amended complaint. We have also had several conversations with Dan Marmalefsky, principal counsel for defendant Cellco Partnership, in an effort to reach agreement on various initial procedural matters, including an initial practice and procedure order (modeled after the Court's practice and procedure order in *In re Vonage Marketing and Sales Practices Litig.*, 07-CV-3906 [Docket No. 5]), a schedule for initial proceedings, and document preservation protocols for managing electronic discovery issues that may arise. We are currently awaiting Mr. Marmalefsky's comments on these documents, which he has promised to provide shortly.

To the point of Mr. Greenberg's letter, the Interim Leadership Group welcomes the opportunity to participate in any further briefing Your Honor may wish to receive on the issue of plaintiffs' counsel leadership, should the Court determine that further motion practice on this issue is necessary. On that score, we wish to apprise the Court of our efforts and discussions with other plaintiffs' counsel concerning their participation in the Interim Leadership Group.

Members of the Interim Leadership Group commenced this litigation with the filing of the *Moore* action on September 4, 2009,[1] and the *Heaton* action in December 2009.[2] On December 17, 2009, counsel for the *Moore* plaintiffs filed a motion with the JPML requesting that it transfer the *Moore*, *Heaton* and two other related actions to the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Since the filing of the JPML motion, approximately 26 actions have been filed in 15 separate judicial districts. Of those 26 actions, approximately 12 were filed after the JPML heard argument in this matter on March 25, 2010, and of those 12 actions, ten were filed after April 2, 2010, the date on which

---

[1] *Moore, et al. v. Cellco Partnership*, Civil Action No. 3:09-cv-04592-FLW-TJB (D.N.J.).

[2] *Heaton v. Cellco Partnership*, Civil Action No. 3:09-cv-06270-FLW-TJB (D.N.J.).

the JPML issued its initial CTO transferring all pending actions before this Court.

One of the significant issues that has complicated our discussions with the attorneys in the group Mr. Greenberg purports to represent is that it appears that almost all of the actions filed by the attorneys in Mr. Greenberg's group were filed as part of a strategy to make it appear that Mr. Greenberg's group represents the vast majority of plaintiffs in this litigation, and therefore is "entitled" to a leadership position in the case. We make this observation based on the fact that most of the actions listed on Exhibit A to Mr. Greenberg's letter were filed after the issuance of several press releases publicizing this litigation and seeking additional clients, all at the direction of a single attorney (one of the attorneys on whose behalf Mr. Greenberg's letter was submitted). In any event, we have real concerns as to whether our paramount objective of the protection of the best interests of the class would be compromised by Mr. Greenberg's group's insistence that we accommodate the 40 law firms he states he represents. With that many law firms involved in this litigation (as opposed to the six law firms that currently comprise the Interim Leadership Group), there is a high risk of inefficiency and duplication of effort, all at the expense of the class.

We have made what we thought were constructive proposals, both to the attorneys represented by Mr. Greenberg and to other plaintiffs' counsel, in an effort to reach consensus as to a private ordering of the leadership structure in a manner that is both inclusive and consistent with the orderly and efficient conduct of this litigation. It was our understanding that those discussions were still ongoing, and we therefore were surprised by Mr. Greenberg's letter's effective termination of any further such discussions with his group. Nevertheless, we are continuing our discussions with attorneys outside of Mr. Greenberg's group in an effort to reach agreement with them concerning their participation in the Interim Leadership Group.

Honorable Freda L. Wolfson
June 4, 2010
Page 4 of 4

We look forward to appearing before the Court to address these matters further whenever, and however, Your Honor may direct.

Thank you for your consideration of this letter.

Respectfully yours,

Peter J. Bezek
Interim Co-Lead Class Counsel

cc: Bruce D. Greenberg, Esquire
    Dan Marmalefsky, Esquire
    Todd L. Schleifstein, Esquire
    All other counsel of record