UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: VERIZON WIRELESS
DATA CHARGES LITIGATION

Civil Action No. 3:10-cv-01749-FLW-LHG

Honorable Freda L. Wolfson

PLAINTIFFS' BRIEF ADDRESSING THE OBJECTIONS
TO THE PROPOSED SETTLEMENT

HELLRING LINDEMAN GOLDSTEIN
 & SIEGAL LLP
Stephen L. Dreyfuss
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 621-9020

Liaison Class Counsel

FOLEY BEZEK BEHLE & CURTIS, LLP
Peter J. Bezek
15 West Carrillo Street
Santa Barbara, California 93101
Telephone: (805) 962-9495

Lead Class Counsel

Attorneys for Plaintiffs

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

I.   THE OBJECTORS ...................................................................................... 1

II.  THE NUMBER OF OBJECTORS IS *DE MINIMIS* GIVEN THE SIZE OF THE SETTLEMENT CLASS ............................................................. 2

III. PLAINTIFFS' RESPONSE TO THE OBJECTIONS OF THE NINE OBJECTORS ............................................................................................. 4

    A.   Carmen V. Sanchez............................................................................ 4

    B.   William J. Oliver and Kathleen J. Oliver........................................... 5

    C.   Dan Beltz............................................................................................ 6

    D.   Colin Selleck...................................................................................... 6

    E.   Adrienne Lisan................................................................................... 9

    F.   Joanie Helfert................................................................................... 10

    G.   Mary Jane Marro.............................................................................. 12

    H.   Weiqun Yang.................................................................................... 14

IV.  CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Bell Atlantic Corp. v. Bolger,*
    2 F.3d 1304 (3rd Cir. 1993)......................................................................2,3

*Girsch v. Jepson,*
    521 F.2d 153 (3rd Cir. 1975)......................................................................2

*In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.,*
    269 F.R.D. 468 (E.D. Pa. 2010)..................................................................2

*In re Cendent Corp. Litig.,*
    264 F.3d 201 (3rd Cir. 2001).......................................................................2

*In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.,*
    55 F.3d 768 (3rd Cir. 1995).........................................................................3

*McGee v. Continental Tire North America, Inc.,*
    2009 WL 539893 (D.N.J. March 4, 2009........................................................2

Pursuant to the Court's November 16, 2011 Order Amending Order Preliminarily Approving Settlement and Establishing Certain Dates, Plaintiffs[1] submit the following brief addressing the objections of the nine individuals who have submitted objections to the proposed settlement in this action.

I.  **The Objectors**

The nine objectors are: Carmen V. Sanchez; William J. Oliver and Kathleen J. Oliver; Dan Beltz; Colin Selleck; Adrienne Lisan; Joanie Helfert; Mary Jane Marro; and Weiqun Yang. Each of these individuals timely submitted[2] a writing in which he, she or they directly stated or inferred that she, he or they objected to the proposed settlement. True and correct copies of the writings (and where applicable, the corresponding attachments) submitted by these individuals are attached hereto as Exhibits 1 through 8.

None of the objectors has entered an appearance through counsel.  None of the objectors has stated an intent to appear in person or through counsel at the

---

[1] The named plaintiffs and class representatives in the multiple actions that were transferred to this Court and consolidated in this MDL proceeding are: Dennis Addair, Carolyn Alcorn, Joe Baumann, Desiree Vaughan, Joan Dreibleis, Marci Dworken, Grace Eubanks, Claudia Echeverria, Ricky Green, Shana Goff, Jeremy Benefield, Altron Scott, James Grega, Bleachtech LLC, Donna Heaton, Diana Houck, Glenn Kempf, Dwight Shaw, David Kuba, Jill Kuba, Derick Moore, John Rennar, Teresa Lee Lankford, Melissa Whippo Neta, Joseph Pellitteri, Lori Reinhardt, Theresa Roberts, Kirsten Rogers, Irina Roland, Brent Savage, Charlotte Silver, Jessica Slater, Megan Smart, Lawrence Smith, Michelle Smith, Preston Snider, Miles Wallis, Christopher Ware, Greg Bonneville, Ronald Warne, and Penelope Wayne.

[2] The postmark deadline for submitting objections was November 2, 2011.  To date, no objections have been received that were postmarked after November 2, 2011.

hearing set for December 2, 2011, none of the objectors resides in the State of New Jersey, and therefore none reasonably may be expected to appear at the December 2nd hearing.

## II. The Number Of Objectors Is *De Minimis* Given The Size Of The Settlement Class.

Under Third Circuit law, the district courts are required to weigh nine factors (the so-called *Girsch* factors) in determining whether a proposed class action settlement warrants final court approval. See *Girsch v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975) (listing factors). The second of the nine *Girsch* factors is "the reaction of the class to the settlement". *Id.* This factor is generally measured by the number and/or the percentage of class members who object to the proposed settlement. See *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 485 (E.D. Pa. 2010) (*citing In re Cendent Corp. Litig.*, 264 F.3d 201, 234-235 (3rd Cir. 2001) ("The Third Circuit has looked to the number of objectors from the class as an indication of the reaction of the class.") See also *McGee v. Continental Tire North America, Inc.*, 2009 WL 539893, at *4 (D.N.J. March 4, 2009). As the Third Circuit has stated, a "paucity of protestors . . . militates in favor of the settlement." *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1314 (3rd Cir. 1993). That is precisely the situation here.

Nine individuals out of approximately 19 million potential class members who were provided direct notice of the proposed settlement have submitted

2

objections to the proposed settlement.[3] Given the number of potential settlement class members that are known to have received direct notice of the proposed settlement, nine objectors is a minuscule amount and attests to the fairness of the proposed settlement.[4] See *Bell Atlantic Corp.*, 3 F.3d at 1314 (second *Girsch* factor favors settlement where less than 30 of approximately 1.1 million shareholders objected).

Of course, as few as the objectors might be in number, it is still incumbent upon the Court to review and consider the objections raised by the objectors. See *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 812 (3rd Cir. 1995) (the court must examine "the number and vociferousness of the objectors"). Accordingly, to assist the Court in its analysis, Plaintiffs address the substance of the objections of each of the objectors below.

---

[3] In its November 14, 2011 letter to this Court, Verizon Wireless stated that it had provided direct notice to approximately 19 million potential Settlement Class Members. Verizon Wireless stated that it identified such individuals by searching its records for subscribers who had been charged one or more pay-as-you-go data charges from November 2007 through January 31, 2011. Using the results of this search, Verizon Wireless inserted the Summary Notice into the bills of approximately 14 million current subscribers over the course of a full bill cycle from July 2011 to August 2011. On September 1 and 2, Verizon Wireless also e-mailed the Summary Notice to approximately 5 million current and former subscribers who had provided their e-mail addresses to Verizon Wireless and signed up to receive their bills by e-mail.

[4] To the extent that class members who exercise their right to "opt out" of the proposed settlement, while precluded from objecting to the proposed settlement, may nonetheless be viewed as being opposed to the proposed settlement for some unstated reason, it is worth noting

(Footnote continues on following page.)

### III. Plaintiffs' Response To The Objections Of The Nine Objectors

#### A. Carmen V. Sanchez

Carmen V. Sanchez ("Ms. Sanchez") submitted an objection dated August 25, 2011. See Exh. 1. Ms. Sanchez's objection lists her address as 7405 Pebble Bach Dr., Rowlett, Texas 75088-4733.

The text of Ms. Sanchez's objection is only two sentences. In the first sentence of her objection, Ms. Sanchez states that she is objecting to the settlement. However, Ms. Sanchez does not state the reason that she is objecting to the proposed settlement. In the second sentence of her objection, Ms. Sanchez states that she "was never charged the pay-as-you go data on my bill". If the second sentence is correct, then Ms. Sanchez is not a member of the settlement class and is not entitled to object to the proposed settlement. Even if Ms. Sanchez is a member of the settlement class, however, she has not set forth any reason for objecting to the proposed settlement. For this reason, the Court should overrule the objection of Ms. Sanchez.

---

(Footnote continued from previous page)

that the number of opt outs is equally minuscule. Only 60 class members have opted out of the proposed settlement.

## B. William J. Oliver and Kathleen J. Oliver

William J. Oliver and Kathleen J. Oliver ("the Olivers") submitted a joint objection on September 14, 2011. See Exh. 2. The Olivers' objection lists their address as 4561 Abbey Road, Syracuse, New York 13215.

The Olivers state that they object to the proposed settlement because Verizon Wireless billed pay-as-you-go data charges to their account. The Olivers list three instances of such charges and attach three Verizon Wireless telephone bills that reflect the charges. Each of the three Verizon Wireless telephone bills lists Kathleen J. Oliver as the account holder. However, the data charges about which the Olivers complain are billed to the telephone number in the name of William J. Oliver (315-430-9255), and Mr. Oliver claims that telephone number belongs to him. Therefore, based on the settlement class definition, it appears that Mr. Oliver is the customer with standing to object.

In any event, the sole basis for the Olivers' objection is that three data charges totaling $5.97 were billed to Mr. Oliver's telephone number on Mrs. Oliver's bill. However, according to the records of Verizon Wireless, in late 2010, Verizon Wireless voluntarily credited the Olivers' account in the amount of $13.62 – an amount that exceeds the three data charges about which the Olivers complain. See Certification of Audie Koenig in Support of Defendant Verizon Wireless's Response to Objections to Proposed Settlement ("Koenig Certification"), ¶ 3.

5

Since the Olivers have been compensated (if not, overcompensated) for the data charges that form the basis for their objection, the Court should overrule the objection of the Olivers.

### C. Dan Beltz

Dan Beltz ("Mr. Beltz") submitted an undated objection that was received prior to the November 2, 2011 deadline for objections. See Exh. 3. Mr. Beltz's objection lists his address as 306 Keomah Village, Oskalossa, Iowa 52577.

Like the Olivers, Mr. Beltz objects to the proposed settlement because he was charged unauthorized data charges on his Verizon Wireless bill. Mr. Beltz attaches portions of some Verizon Wireless bills -- two of which appear to list data charges. However, according to the records of Verizon Wireless: (1) the only pay-as-you-go data charge incurred by Mr. Beltz during the class period is a $3.98 charge appearing on a May 2008 bill; and (2) Mr. Beltz incurred this valid data charge when he accessed the Internet and intentionally downloaded an application onto his cell phone. See Koenig Certification, ¶ 7.

Accordingly, the Court should overrule the objection of Mr. Beltz.

### D. Colin Selleck

Colin Selleck ("Mr. Selleck") submitted a letter dated September 15, 2011 that may or may not qualify as an objection. See Exh. 4. Mr. Selleck provided a return mailing address of 4614 CH 10, East Meredith, New York 13757.

6

Nowhere in his letter does Mr. Selleck state that he objects to the proposed settlement. In fact, he begins his letter by stating that he "applaud[s] the court for ruling against Verizon Wireless as I have had suspicions of the data charges on my bill."

However, Mr. Selleck then proceeds to raise two points. First, Mr. Selleck states that, upon receiving email notification of the proposed settlement, he contacted Verizon Wireless in an effort to have his past bills reviewed for data charges. Mr. Selleck states that his efforts to do so were not successful. Second, Mr. Selleck complains that the claim process is such that a class member must fill out a claim for each phone for each month during the fifty-month class period between November 2007 and January 2011. Mr. Selleck complains that this requirement is "onerous" and opines that a class member should be permitted to fill out one claim form with a range of dates.

As to the first point, it appears that Mr. Selleck may have spoken with a Verizon Wireless customer service representative who may have failed to properly respond to and/or redirect his inquiry. As discussed in Verizon Wireless's Response to the Objections to the Proposed Settlement, many Settlement Class Members have successfully requested reviews of their historic pay-as-you-go charges.

As to the second point, class members are not required to submit a claim form for each and every month of the class period unless a class member is claiming to have been charged improper data charges in every month of the class period. That such a class member exists is extremely unlikely – particularly given that Verizon Wireless voluntarily credited approximately 15 million class members under its Credit and Refund program. Moreover, under ¶3.2 of the Settlement Agreement, any class member may contact Verizon Wireless prior to October 28, 2012 and request that Verizon Wireless initiate a review of the class member's past data usage over a range of dates.

According to the records of Verizon Wireless: (1) Mr. Selleck was billed for pay-as-you-go data usage on only one of his cell phone lines and in only two months of the class period; (2) in each of those two months, Mr. Selleck was billed $1.99 for 1 MB of data usage; and (3) Verizon Wireless has already provided Mr. Selleck with a full credit for one of these pay-as-you-go charges. See Koenig Certification, ¶ 6. Therefore, at most, it appears that Mr. Selleck is eligible to submit one claim for one data charge in one month of the class period. Submitting a claim for this data charge will require minimal effort on the part of Mr. Selleck if he elects to do so.

Accordingly, to the extent that Mr. Selleck's letter qualifies as an objection, the Court should overrule the objection of Mr. Selleck.

### E. Adrienne Lisan

Adrienne Lisan ("Ms. Lisan") submitted an objection that is dated September 8, 2011. See Exh. 5. Ms. Lisan provided a return mailing address of 5071 Hidden Creek Cir. Cleveland, Ohio 44139.

Ms. Lisan's objection is primarily a criticism out of frustration that leads her to lash out against the attorneys and the American system of justice. Ms. Lisan's frustration arises out of the fact that, in order to submit a claim in the settlement, she has to "provide information as to which family members' phones were overcharged on which specific dates". Ms. Lisan says "I cannot do so. Thus, I am 'out of luck'."[5] This frustration spurs Ms. Lisan to complain that "[a]s usual in class action suits, it seems this one also serves mostly to enrich the lawyers"; "the clever class action lawyers walk away with their class action megawindfall"; and "American jurisprudence isn't about justice, It's about canniness." Ms. Lisan's objection reflects a fundamental misunderstanding of the proposed settlement.

The proposed settlement in this case is premised upon the assumption that Verizon Wireless's Credit and Refund Program resulted in a large portion of the settlement class receiving refunds for the data charges at issue. This assumption

---

[5] Ms. Lisan is incorrect in this regard. Under ¶ 3.2 of the Settlement Agreement, any class member, even one without information on the specific month of the claimed overcharge,

(Footnote continues on following page.)

9

was tested by Plaintiffs' expert and found to be largely correct with a few possible exceptions that formed the basis for the claims-made structure of the proposed settlement. It is for this reason that class members who believe that they are due amounts in addition to whatever was provided under the Credit and Refund Program must submit a claim form identifying by month and telephone number any unauthorized data charges that were not refunded or credited.

The proposed settlement is not structured, as Ms. Lisan complains, in a way that "Verizon pockets those extra charges". Rather, the claims-made structure of the settlement is designed to ensure that: (1) every class member is compensated for unauthorized data charges; and (2) Verizon Wireless does not pay any class member twice for the same unauthorized data charges.

Accordingly, the Court should overrule the objection of Ms. Lisan.

### F. Joanie Helfert

Joanie Helfert ("Ms. Helfert") submitted an objection dated September 2, 2011. See Exh. 6. Ms. Helfert's objection lists her address as N2499 Ness Road, Gilman, Wisconsin 54433.

---

(Footnote continued from previous page)

may contact Verizon Wireless prior to October 28, 2012 and request that Verizon Wireless initiate a review of the class member's past data usage.

Ms. Helfert's objection appears to be premised on alleged wrongdoing by Verizon Wireless that is unrelated to the data charges at issue in this litigation. She complains that "someone was hacking into my cell phone" and that "[m]y phone bills were double and tripled." Ms. Helfert has submitted a pile of emails that supposedly support her claims of wrongdoing by Verizon Wireless. However, none of these emails appears to have anything to do with the data charges at issue in this litigation.

The closest thing to a pertinent objection in Ms. Helfert's letter is the handwritten note at the bottom of her letter where she states "Verizon would not give me any information on my data. Texting etc. They said they can only do that by court order."[6] There is no suggestion that Ms. Helfert's complaint is related to the data charges at issue in this litigation. Rather, it appears that Ms. Helfert is complaining about her inability to obtain information from Verizon in connection with her other, entirely unrelated claims.

Accordingly, the Court should overrule the objection of Ms. Helfert.

---

[6] Charges for text messages are not at issue in this proposed settlement, which involves pay-as-you-go charges for transmissions of data to and from subscribers' cell phones (e.g., by accessing the Internet).

### G. Mary Jane Marro

Mary Jane Marro ("Ms. Marro") submitted an objection dated August 4, 2011. See Exh. 7. Ms. Marro's objection lists her address as 123 Harbor Drive #406, Stamford, Connecticut 06902.

Ms. Marro states that she objects "[a]s to the way Verizon is sending notice to me." Ms. Marro then states two concerns – neither of which relates to the manner in which notice of the proposed settlement was issued. First, Ms. Marro claims that the telephone number provided on the settlement website is a recording that provides no more information than that which already is set forth on the website. Second Ms. Marro believes that she has been subjected to unauthorized data charges for a period of thirteen years and that she should not have to provide bills dating back thirteen years. Rather, Ms. Marro asserts that Verizon Wireless has all of the necessary information and that either Verizon Wireless or the attorneys should bear the responsibility for checking all class members' past phone bills.

As to Ms. Marro's first point, it appears that her complaint relates to a different settlement website and a different telephone number. Ms. Marro complains about the telephone number 866-408-4551 and the website www.cowitsettlement.com. The settlement website for this case is

www.datachargesettlement.com and the telephone number listed on the website is 877-853-3842.

As to Ms. Marro's second point, she is mistaken about the need for her to provide bills dating back thirteen years. The class period for the certified settlement class begins in November 2007. More importantly though, Ms. Marro's assertion that either Verizon Wireless or the attorneys should bear the responsibility for checking all class members' past phone bills is essentially what already has taken place. As previously explained with respect to the objection of Ms. Lisan, the proposed settlement in this case is premised upon the assumption that Verizon Wireless's Credit and Refund Program resulted in a large portion of the settlement class receiving refunds for the data charges at issue. This assumption was tested by Plaintiffs' expert and found to be largely correct with a few possible exceptions that formed the basis for the claims-made structure of the proposed settlement. It is for this reason that class members who believe that they are due amounts in addition to whatever was provided under the Credit and Refund Program must either (1) submit a claim form identifying any unauthorized data charges that were not refunded or credited or (2) contact Verizon Wireless prior to October 28, 2012 and request that Verizon Wireless initiate a review of the class member's past data usage.

Accordingly, the Court should overrule the objection of Ms. Marro.

13

### H. Weiqun Yang

Weiqun Yang ("Mr. Yang") submitted an objection dated September 20, 2011. See Exh. 8. Mr. Yang's objection lists his address as 4421 Waterfront Dr., Glen Allen, Virginia 23060.

Mr. Yang states that he was billed for a single unauthorized data charge in the amount of $1.99 in early or middle 2010. Mr. Yang claims that he has a recollection but no record of the unauthorized data charge and that Verizon Wireless will charge him $5 to obtain the bill history needed to substantiate the $1.99 overcharge. However, according to the records of Verizon Wireless, Mr. Yang received two credits in the amount of $2.27 each to his account as part of the Credit and Refund Program. See Koenig Certification, ¶ 5.

Mr. Yang's stated objection to the proposed settlement is the fact that it is simply a refund. Mr. Yang then lists five reasons why, in his view, a settlement that is simply a refund does not adequately punish Verizon Wireless, will not sufficiently deter Verizon Wireless, and does not compensate those whose resources were spent pursuing Verizon Wireless.

The short answer to Mr. Yang's objection is that every settlement involves a compromise. Very few class action settlements result in all class members being made whole – much less class members receiving more than they were overcharged. The proposed settlement in this case is one of those rare settlements.

14

The claims-made structure of the proposed settlement is designed to ensure that, in conjunction with the Credit and Refund Program, every class member is compensated 100% for any and all unauthorized data charges. In addition, Verizon Wireless is paying the attorneys' fees incurred by Plaintiffs' counsel and all of the costs associated with the notice and claims administration processes. Finally, it does not appear that Verizon Wireless acted intentionally in billing its customers for unauthorized data charges. As a result, there is nothing to deter in terms of future similar intentional wrongdoing on the part of Verizon Wireless.

Accordingly, the Court should overrule the objection of Mr. Yang.

### IV.  Conclusion

For the foregoing reasons, the Court should overrule all of the objections raised by the nine objectors.

Respectfully submitted,

Dated: November 18, 2011

HELLRING LINDEMAN GOLDSTEIN
& SIEGAL LLP

By ___s/ Stephen L. Dreyfuss___
STEPHEN L. DREYFUSS
A Member of the Firm
Liaison Class Counsel

FOLEY BEZEK BEHLE & CURTIS, LLP
Peter J. Bezek
Lead Class Counsel

Attorneys for Plaintiffs

15