MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Dan Marmalefsky (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
(213) 892-5200
(213) 892-5454 (fax)

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
Todd L. Schleifstein
(973) 360-7900
(973) 301-8410 (fax)

Attorneys for Defendant
Cellco Partnership d/b/a Verizon Wireless

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  VERIZON WIRELESS DATA CHARGES LITIGATION | Master Case File Civil Action No. 10 Civ. 1749 (FLW) (LHG) |
| | Date: December 2, 2011<br>Time: 10:00 a.m.<br>Judge: The Honorable Freda L. Wolfson<br>Courtroom: 5E |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S RESPONSE TO OBJECTIONS TO THE PROPOSED CLASS ACTION SETTLEMENT**

sf-3073252

**PRELIMINARY STATEMENT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") submits this response to the eight objections to the proposed class action settlement preliminarily approved by the Court on June 29, 2011.  Each of these objections is without merit.  The proposed settlement is designed to reimburse Settlement Class Members who were mistakenly charged for pay-as-you-go data usage who were not previously reimbursed by Verizon Wireless, provides multiple avenues through which Settlement Class Members may request a review of their accounts, and offers significant additional benefits to Settlement Class members.

The actions in this MDL proceeding ("Actions") involve allegations that Verizon Wireless mistakenly billed customers who did not have a data plan and were charged for data usage on a pay-as-you-go basis at the rate of $1.99 per megabyte (or portion of a megabyte) used by the customer.  Among other allegations, the Actions allege that some customers were charged even though they had unintentionally accessed the Internet, had never used any of the features of their cell phones that transmit data, or had a data block that should have prevented any data usage.

In August 2009, Verizon Wireless began a comprehensive investigation of complaints from subscribers regarding mistaken pay-as-you-go charges.  As a result of this investigation, Verizon Wireless determined that up to 15 million former and current customers may have been mistakenly billed at the standard rate of $1.99 per megabyte for brief data sessions that they did not initiate.  Verizon Wireless voluntarily credited or reimbursed approximately $52.8 million to those potentially affected customers in late 2010 ("Credit and Refund Program").  It also implemented corrective actions to avoid such mistaken data charges in the future.  Many of these actions are described in the Consent Order between Verizon Wireless and the Federal Communications Commission entered on October 28, 2010.  (Dkt. No. 45.)  After Verizon

Wireless paid these extensive credits and refunds for potentially mistaken pay-as-you-go data charges, the parties entered into this settlement.  As part of this settlement, the parties engaged in confirmatory discovery, and additional customers were identified for credits or refunds for potentially mistaken pay-as-you-go data charges.  Verizon Wireless has also agreed to consider additional requests for credits and refunds from class members.

Verizon Wireless provided direct notice of the proposed settlement to approximately 19 million potential Settlement Class Members.  Moreover, notice was published in a national publication and five other publications circulating in metropolitan areas where substantial numbers of Verizon Wireless customers reside.  Notice of the settlement has also been posted on the website established by the Settlement Administrator since July 5, 2011.  After this extensive notice program announced the settlement and provided instructions for submitting any objections, only eight objections were received.  This brief responds to those objections in anticipation of the Court's December 2, 2011 hearing.  Pursuant to the Court's November 16, 2011 Order, Verizon Wireless intends to submit further briefing in support of the proposed settlement on February 14, 2012.

## THE PROPOSED SETTLEMENT

The Settlement Class is defined as "all former or current Verizon Wireless Customers nationwide who incurred any pay-as-you-go data usage charge(s) at any time from November 2007 through January 31, 2011."  (Class Settlement Agreement and Release ("Settlement Agreement") ¶ 1.15, attached to Plaintiffs' Notice of Motion for Preliminary Approval of Proposed Settlement [Dkt. No. 51-1].)

The settlement provides significant benefits to the proposed class.  In addition to the approximately $52.8 million already provided to subscribers as part of the Credit and Refund

Program, Verizon Wireless provided credits and refunds to additional subscribers who Verizon Wireless identified during the confirmatory discovery process as subscribers who may have been mistakenly charged for pay-as-you-go data usage.  (*Id.* ¶ 3.1.)

Further, notwithstanding the passage of time and other defenses that it might have, Verizon Wireless has agreed that if a Settlement Class Member contacts Verizon Wireless by October 28, 2012 to request a refund for a pay-as-you-go data charge paid by that Settlement Class Member for which he or she did not receive a credit or refund, Verizon Wireless shall promptly initiate a review of the Settlement Class Member's past data usage and charges to determine whether he or she is entitled to a reimbursement, and if so, shall issue a credit or refund to that Settlement Class Member.  Verizon Wireless also agreed that it will seek in good faith to resolve such requests within 30 days after it has the necessary information, either from its own databases or from the customer.  (Settlement Agreement ¶ 3.2.)

Finally, Verizon Wireless agreed that, for 24 months from and after the Effective Date of the settlement, it will not charge Settlement Class Members for access to the following Verizon Wireless websites: (1) the MyVerizon application, which provides subscribers with information regarding their account and data usage; and (2) the Verizon Wireless Mobile Web home page, provided that Settlement Class Members do not navigate away from that Verizon Wireless web page to a third-party website.  (*Id.* ¶ 3.3.)

Verizon Wireless has also agreed to pay the costs of administering this settlement and up to $2.7 million for any attorneys' fees and costs that the Court may award to plaintiffs.  (*Id.* ¶¶ 6.6; 10.1.)

**RESPONSES TO OBJECTIONS**

The reaction of Class Members to this settlement has been overwhelmingly positive. Only eight objections (from approximately .00004% of the Settlement Class) have been received. The very limited number of objections, contrasted against the large number of Class Members who received direct notice, is strong evidence that the objections are without merit and that the settlement should be approved. Indeed, none of the objections submitted raise any issues that undermine the fairness, reasonableness, and adequacy of the proposed settlement.

### 1. Objections Based on Allegedly Improper Charges Are Meritless.

A few Settlement Class Members object to the settlement because they claim they were overcharged by Verizon Wireless. After an extensive investigation, however, Verizon Wireless has already issued well over $50 million in credits or refunds to Settlement Class Members who may have been mistakenly charged for pay-as-you-go data usage. To the extent that any Settlement Class Members believe they should have, but did not, receive a credit or refund for pay-as-you-go charges they paid, the settlement provides them with ample opportunity to submit a claim for such charges. From the time notice was disseminated, Settlement Class Members will have 15 months to request a refund for their pay-as-you-go data charges. Over 11 months remain in the claim period. If a Settlement Class member requests a refund by October 28, 2012, Verizon Wireless will promptly initiate a review of the Settlement Class Member's past data usage, charges, and credits to determine whether he or she is entitled to a reimbursement, and if so, shall issue a credit or refund to that Settlement Class Member. Verizon Wireless's Credit and Refund Program, coupled with the opportunity for additional credits or refunds, is designed to reimburse Settlement Class Members who were mistakenly charged for pay-as-you-go data usage.

Indeed, several of the objectors have already received credits through the Credit and Refund Program or, independent of that program, through communications with Verizon Wireless's customer service personnel. For example, the Olivers' account was credited in the amount of $13.62 through the Credit and Refund Program. (Certification of Audie Koenig in Support of Verizon Wireless's Response to Objections to Proposed Class Action Settlement ("Koenig Cert.") ¶ 3.) This amount exceeds the $5.97 they claim they were overcharged. (*See* attached Exhibit 1.) Objector Adrienne Lisan received a $2.27 credit as part of the Credit and Refund Program and received an additional $1.99 credit for a pay-as-you-go data charge when she called the Verizon Wireless customer service line. (Koenig Cert. ¶ 4; *see also* attached Exhibit 2.) Objector Weiqun Yang received two $2.27 credits, for two of his mobile telephone numbers, during the Credit and Refund Program. (Koenig Cert. ¶ 5.) As noted above, any Settlement Class Member who believes they are entitled to additional credits beyond those provided in the Credit and Refund Program, or otherwise provided by Verizon Wireless, may request a review of their pay-as-you-go data charges.

### 2. Objections to the Claims Process Are Meritless.

Some objectors criticized the claims process as burdensome. These objectors complain that they are purportedly required to complete separate claim forms for each month of the claim period or that they cannot submit a claim because they do not have the records necessary to identify the dates of the claimed overcharges. For example, Objector Colin Selleck argues that he should be able to list a range of dates on his claim form because submitting a claim for each month between November 2007 and January 2011 for each of his two cell phone lines is unreasonably burdensome. (*See* attached Exhibit 4.) In fact, he is permitted to supply a range of dates on one claim form.

As an initial matter, Verizon Wireless minimized any burden by conducting, on its own initiative, a comprehensive investigation into potentially mistaken charges and voluntarily issuing substantial refunds and credits to all the potentially impacted customers it identified. Particularly in light of its extensive Credit and Refund Program, it is highly unlikely that any Settlement Class Member is entitled to credits for every month from November 2007 to January 2011. Indeed, Objector Colin Selleck himself was billed for pay-as-you-go data usage on only one of his cell phone lines and in only two months of the class period. (Koenig Cert. ¶ 6.) In each of these two months, Mr. Selleck was billed $1.99 for 1 MB of data usage. Verizon Wireless has already provided Mr. Selleck with a full credit for one of these pay-as-you-go charges. (*Id.*) Thus, at most, Mr. Selleck is eligible to submit one claim for one charge in one month of the class period. If Mr. Selleck believes that charge was mistaken, submitting a claim for this charge requires minimal effort. In any event, even if a Settlement Class Member had been billed for pay-as-you-go charges in every month of the class period, Verizon Wireless disputes, and this settlement does not provide, that all Settlement Class Members are entitled to refunds for every pay-as-you-go charge ever incurred.

Further, if a Settlement Class Member seeks to submit a claim for multiple months of overcharges or for charges incurred on unknown dates, those class members have several options: 1) Submit a claim form with a range of dates or estimated dates on which mistaken charges may have occurred; 2) Call Verizon Wireless's customer service line and request that Verizon Wireless review the pay-as-you-go charges on the subscriber's account; or 3) Request copies of bills from Verizon Wireless, free of charge, to identify the dates of potential overcharges. Many Settlement Class Members have taken advantage of all of these alternatives.

### 3. The Objection Regarding Inadequate Settlement Benefits is Meritless.

Objector <u>Weiqun Yang</u> argues that Verizon Wireless should be required to do more than provide refunds in response to claims submitted by class members. (*See* attached Exhibit 3.) Contrary to Mr. Yang's argument, Verizon Wireless has in fact done much more. Verizon Wireless conducted a comprehensive investigation into complaints about mistaken pay-as-you-go charges and voluntarily issued substantial credits or refunds to all the current and former subscribers it identified through that process in late 2010. Then, during the confirmatory discovery process in this case, Verizon Wireless identified additional subscribers who may have been mistakenly charged and paid more in credits and refunds to those subscribers. In short, Verizon Wireless provided more than $50 million in benefits to subscribers without requiring any class member to submit a claim.

Further, Verizon Wireless agreed to provide additional benefits and to make other payments without requiring any action from any Settlement Class Member. Verizon Wireless agreed that, for 24 months from and after the Effective Date of the settlement, it will not charge Settlement Class Members for access to the MyVerizon website and the Verizon Wireless Mobile Web home page, provided that the Settlement Class Members do not navigate away from the Verizon Wireless web page to a third-party website. (Settlement Agreement ¶ 3.3.) Verizon Wireless has also agreed to pay the costs of administering this settlement and up to $2.7 million for any attorneys' fees and costs that the Court may award to plaintiffs. (*Id.* ¶¶ 6.6; 10.1.)

Settlements are by definition compromises. As with every class action settlement, it is not uncommon to find a Settlement Class Member who believes the settlement should be more generous in various ways. This settlement was reached after contentious arms-length negotiations between the parties with the assistance of a well-regarded mediator, which accounted for the significant risks that plaintiffs would be unable to pursue this case in federal

court (as opposed to individual arbitration), certify a class, prove liability, and prove that any purported class member suffered any injury. These risks will be further discussed in the submission Verizon Wireless intends to file on February 14, 2012.

### 4. The Remaining Objections Do Not Relate to This Settlement.

The remaining objections do not apply to this proposed settlement. For example, Objector Mary Jane Marro references the "America's ChoiceII Litigation" and a toll-free telephone number (866-408-4551) and website (www.cowitsettlement.com) that are unrelated to this settlement. Moreover, Ms. Marro complains about allegedly mistaken charges over the past 13 years; this settlement involves pay-as-you-go charges covering less than four years. (*See* attached Exhibit 5.) Ms. Marro's objection does not apply to this settlement.

Objector Joanie Helfert does not identify a specific basis for objecting to the settlement or the specific charges she is challenging, but mentions texting issues. (*See* attached Exhibit 6.) Upon a review of its records, Verizon Wireless found no pay-as-you-go data charges associated with the mobile telephone number identified in Ms. Helfert's objection. (Koenig Cert. ¶ 7.)

Similarly, Objector Dan Beltz does not explain the basis for his objection and challenges charges not covered by the proposed settlement, including charges incurred after January 31, 2011 or charges for features or services other than pay-as-you-go data usage. (*See* attached Exhibit 7 (enclosing bills for charges after January 31, 2011 and bills that do not include $1.99/megabyte charges).) Regarding the pay-as-you-go data usage charge on Mr. Beltz's May 2010 bill, Verizon Wireless's records indicate that Mr. Beltz incurred this valid charge because he transmitted data when he accessed the Internet and intentionally downloaded an application onto his cell phone. (Koenig Cert. ¶ 8.)

Finally, Objector <u>Carmen Sanchez</u> states that she was never charged for pay-as-you-go data usage. (*See* attached Exhibit 8.) She has provided no basis for her objection to the proposed settlement.[1]

## CONCLUSION

All of the objections to the proposed class action settlement should be overruled. None of the objections raise any issues that undermine the fairness, reasonableness, and adequacy of the proposed settlement.

/s/ Dan Marmalefsky
Dan Marmalefsky (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)

MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Philip R. Sellinger
Todd L. Schleifstein

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

Attorneys for Defendant
Cellco Partnership d/b/a Verizon Wireless

Dated: November 18, 2011

---

[1] Likewise, Neil Hamparian, who filed with the Court an untimely "letter of complaint" offers no basis for objecting to the settlement, but asserts that he overpaid "approximately $1,000" during a period in 2008 and that he has not received satisfactory treatment from Verizon Wireless's customer support. (Dkt. No. 72.) Even if this letter could be construed as an "objection" to the settlement, it is untimely and should not be considered. (*See* Preliminary Approval Order ¶ 13 [Dkt. No. 56].) In any event, Verizon Wireless's records show that the charges identified in Mr. Hamparian's letter are not pay-as-you-go charges, and thus are not at issue in the Actions or covered by the proposed settlement. (Koenig Cert. ¶ 9.)